UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PROGRESSIVE GULF INSURANCE COMPANY | CIVIL ACTION NO. 23-1451 |
| VERSUS | SECTION |
| | JUDGE |
| ANN H. HASTY and MAXWELL D. HASTY, JR., individually, and on behalf of ADAM B. HASTY | MAG. JUDGE |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Progressive Gulf Insurance Company, which hereby seeks Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure against the Defendants, Ann H. Hasty and Maxwell D. Hasty, Jr., individually, and on behalf of Adam B. Hasty, for the purposes of determining a question of actual, immediate controversy between the parties. In support thereof, Plaintiff, Progressive Gulf Insurance Company, states as follows:

## PARTIES

1. At all pertinent times, Plaintiff, Progressive Gulf Insurance Company ("Progressive"), was and still is a foreign insurance company incorporated outside the State of Louisiana, incorporated in the State of Ohio, and with its principal place of business in the State of Ohio.

2. Defendant, Ann H. Hasty ("Ann Hasty"), in her individual capacity, and in her capacity as the legal guardian of her grandson, Adam B. Hasty ("Adam Hasty"), is an individual of the full age of majority and a resident of Baton Rouge, Louisiana, domiciled in East Baton Rouge Parish, and a citizen of the State of Louisiana.

3. Defendant, Maxwell D. Hasty, Jr. ("Maxwell Hasty"), in his individual capacity, and in his capacity as the legal guardian of his grandson, Adam Hasty, is an individual of the full age of

majority and a resident of Baton Rouge, Louisiana, domiciled in East Baton Rouge Parish, and a citizen of the State of Louisiana.

## JURISDICTION

4.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs, pursuant to the available insurance proceeds – the object of the litigation and the value of the right to be protected.

5.     Venue is proper in the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1391 because all Defendants are residents of the State of Louisiana in which the Middle District is located and as the location of the subject accident made the basis of the subject claims of insurance proceeds.

## NATURE OF THE CLAIM

6.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case and controversy between the parties regarding the parties' respective rights, duties, and obligations under a certain policy of insurance issued by Progressive to Maxwell Hasty specifically, Policy No. 901107764 for the period April 9, 2021 to October 9, 2021 for uninsured/underinsured motorist benefits ("the Progressive Policy").

7.     On or about September 10, 2021, Defendants were involved in a motor vehicle accident in East Baton Rouge Parish, Louisiana, and subsequently made bodily injury claims against Progressive under the Progressive Policy.  On multiple occasions, Progressive sought certain information and documentation from Defendants supporting the bodily injury claims.  Defendants continually, repeatedly, and expressly refused to provide the information and documentation

requested and failed to cooperate with its duties under the Progressive Policy.

8.     Progressive seeks a judgment declaring that Defendants' failure to cooperate with its duties under the Progressive Policy was a material breach of the contract of insurance, specifically the "Duties" clause under Part VI of the contract, amounting to a material prejudice of Progressive's investigation of the subject claims, such that coverage under the Progressive Policy should be voided for non-cooperation.

9.     In the alternative and in the alternative only, should the Court decide not to void coverage for non-cooperation, Progressive seeks a judgment declaring that Defendants must cooperate with Progressive's investigation of the claims, including, but not limited to, the following:

a.  production of any and all proofs of loss, including relevant medical and billing records of Defendants, prior to and subsequent to the subject accident;

b.  execution and return of standard medical authorization forms to allow Progressive to obtain relevant medical and billing records of Defendants to evaluate the bodily injury claims;

c.  submitting to examination(s) under oath

d.  submitting to medical examination(s) by doctor(s) identified by Progressive; and

e.  any further lack of cooperation on the part of Defendants will void coverage under the Progressive Policy.

## FACTUAL BACKGROUND

10. On or about September 10, 2021, Defendants were involved in a motor vehicle accident on Coursey Boulevard at its intersection with Shadeland Drive and East Lake Sherwood Avenue in East Baton Rouge Parish, Louisiana. Upon information and belief, Ann Hasty was the operator of a 2012 Chrysler Town and Country Sport Van, which was also occupied by Maxwell Hasty and Adam Hasty. The other vehicles and drivers involved in the accident with Defendants were a 2019 Hyundai Sonata owned and operated by Jacqualine Shelton and a 2016 GMC Acadia owned by Simon Miranda and operated by Teresa Miranda.

11. Thereafter, Ann Hasty advised Progressive through its claims representatives that her son was injured as a result of the subject accident and that she was making a claim in her capacity as the legal guardian of her grandson, Adam Hasty, who possessed/possesses certain mental and/or cognitive deficiencies requiring legal guardianship, for bodily injuries of Adam Hasty as well as claims for damages in her individual capacity arising from the subject accident claim under the Progressive Policy.

12. In pertinent part, the Progressive Policy in effect at the time of the subject accident provided uninsured/underinsured motorist coverage limits of $100,000 each person / $300,000 each accident and medical payments coverage limits of $5,000 each person.

13. On multiple occasions throughout the course of the claim, Progressive through its claims representatives attempted to obtain certain proofs of loss such as medical records, medical bills, medical authorizations, etc., of Ann Hasty and Adam Hasty, in order to evaluate the post-accident injuries, medical treatment, and damages and evaluate to what degree any injuries, treatment or damages were caused or aggravated by the subject accident; however, no such documentation was ever provided to Progressive.

14. On or about September 14, 2022, it was learned by Progressive through its claims representatives that Adam Hasty had multiple pre-existing medical conditions pre-dating the subject accident, including lower back pain, a previous back surgery, autism, bipolar disorder, anxiety, and ulcerative colitis.

15. On September 15, 2022, Progressive through its claims representatives requested that Ann Hasty provide it with signed medical authorizations and the power of attorney for Adam Hasty, who verbally advised that she would sign and return the medical authorization and power of attorney as well as that she would forward to Progressive all medical records in her possession. Progressive through its claims representatives sent correspondence to Ann Hasty with the medical authorization form. The medical authorization was never completed and returned.

16. On or about September 29, 2022, Progressive through its claims representatives spoke over the telephone with Ann Hasty who advised, amongst other matters, that Adam Hasty needed an unknown surgery purportedly as a result of the subject accident. That same day, Progressive through its claims representatives submitted an additional medical authorization form to Ann Hasty for the bodily injury claims of Adam Hasty such that Progressive would be able to obtain the full medical records of Adam Hasty for his medical providers. Ann Hasty acknowledged receipt of the medical authorization, but she did not return a signed medical authorization to Progressive.

17. In October, November, and December of 2022 and in January of 2023, Progressive through its claims representatives furnished multiple requests for additional information and documentation from Ann Hasty, including return of the medical authorization of Adam Hasty and status of Adam Hasty's surgical status. No additional information or documentation was provided to Progressive by Ann Hasty.

18. On February 10, 2023, Progressive through counsel, submitted letter to Ann Hasty

requesting return of certain information and documentation within ten (10) days in connection with the claims of Adam Hasty, including the completion of the medical authorization, production of the power of attorney for Adam Hasty, and a listing of all medical providers for Adam Hasty. The letter also reminded Ann Hasty of her duties and obligations set forth in Part VI of the Progressive Policy. Certified mail return confirmed receipt of the letter by Ann Hasty on February 14, 2023. However, no response was provided by Ann Hasty.

19. On February 22, 2023, Progressive through counsel, submitted another letter to Ann Hasty again requesting the information and documentation sought in the February 10, 2023 correspondence. The letter also reminded Ann Hasty of her duties and obligations set forth in Part VI of the Progressive Policy.

20. Ann Hasty furnished response on February 24, 2023 advising that additional information would be sent to Progressive by midnight that day. Ann Hasty also requested a copy of the Progressive Policy. No additional information was submitted to Progressive later that day.

21. On February 25, 2023, Progressive through counsel furnished Ann Hasty with a copy of the Progressive Policy as requested.

22. On March 2, 2023, Ann Hasty sent an email to Progressive advising, in pertinent part, that Adam Hasty was "still receiving medical care" but referenced that the Hastys had "a three-year window from the time of the accident … to complete this claim." Ann Hasty expressed that additional information would be forthcoming over the next weekend. Along with the email was an attachment with Guardianship paperwork from an Alabama Probate Court in Marengo County dated august 24, 2010, appointing Maxwell Douglas Hasty, III and Camelia Ann Hasty, the natural parents of Adam Hasty, as the legal guardians of Adam Hasty. Nowhere in the paperwork was any power of attorney or guardianship authority reflective for Ann Hasty and/or Maxwell Hasty, Jr.

23. On March 3, 2023, Progressive through its claims representatives sent email to Ann Hasty advising that it was not pushing the Hastys to settle the claims but noted that Progressive had an obligation to investigate and evaluate the uninsured/underinsured motorist claims and reminded that the Hastys had an obligation to cooperate with the investigation under the terms of the Progressive Policy.  Progressive again requested return of the medical authorization and all medical records and identification of all medical providers.  Progressive also requested convenient dates within thirty (30) days for Progressive through its counsel to take the examinations under oath of Ann Hasty and Adam Hasty.  Included with the March 3, 2023 correspondence was a Reservation of Rights letter from Progressive to Ann Hasty, reserving Progressive's right to investigate the claims and to deny coverage for Defendants' non-compliance with the terms of the Progressive Policy.

24. On March 9, 2023, Ann Hasty sent an email to Progressive inquiring whether the request from Progressive on March 3, 2023 was "typical" and "normal" procedure and advising that she would be in touch as soon as information was gathered.

25. On April 7, 2023, Ann Hasty next corresponded to Progressive's representatives in an email as follows:

> "At this time, **I do not intend to comply with Progressive's request** that I submit my son, Adam B. Hasty's, medical records. Additionally, **Adam and I will not be sitting for questioning** by Attorney Avocado per, I believe, Ms. Sasnnet's letter. However, I fully intend to comply within the three year time-frame from the date of our accident (which would be September 2024) as stated in our auto policy and as was told to me by several Progressive agents.  I have expressed several times my confusion regarding why we are not being given the full time.  Yet, to date, no one from Progressive or its attorney has provided an explanation for this.  Instead, continuous requests have been made to us.  Moreover, it seems as though the "ante has been upped" with each new letter of request.  The only explanation we have been able to decipher is that Progressive wants to close the case out now in order to avoid further expense, as Adam's medical issues are still ongoing.
>
> I will send a detailed letter as soon as possible which, I think, will validate the reasoning behind this decision.  Disseminating information from emails and phone conversations concerning this claim will take a good amount of time.  The goal of

writing that letter will be that Progressive will proffer the time we think we are allowed by our contract. Listed below are entities to which copies of that letter will be sent if I am unsuccessful in gaining the allowed time we need.

Sincerely,

Ann Hasty

c.

Mike Chaney, Mississippi State Commissioner of Insurance,

US Department of the Treasury Federal Insurance Office,

National Association of Insurance Commissioners,

All Watchdog Organizations Overseeing Auto Insurers,

Consumer Online Comparison Sites,

National and State Media Network,

Rachel Bodine, Feature Writer for the Insurance Industry,

Daniel Walker, Licensed Insurance Agent and Feature Writer,

Our Federal Congressmen,

Any other entities for which this matter might be of interest."

26. On June 22, 2023, Progressive through its claim representatives sent correspondence to Ann Hasty with additional Reservation of Rights, again requesting the various information and documentation previously requested and seeking compliance of the Hastys with their duties and obligations under the Progressive Policy. Progressive further explained its basis for seeking this information and documentation and reserved all rights to deny coverage under the Progressive Policy for failure to cooperate.

27. On July 6, 2023, Ann Hasty sent an email to Progressive referring to her prior emails and again noting that "Adam and I would not sit for a deposition..."

28. Despite the multiple requests for additional information and documentation

supporting Ann Hasty and Adam Hasty's claims arising from the subject accident, and the length of time since the date of the loss, Ann Hasty has failed to cooperate with Progressive's investigation. Aside from solely verbal statements on telephone correspondences provided to Progressive's claim representative, Ann Hasty has not provided Progressive with a single proof of loss it necessitates to investigate and evaluate these claims that are now over two years from alleged occurrence.

29. Ann Hasty has not provided Progressive or its representatives with a single medical record or bill for pre-accident or post-accident treatment of Adam Hasty, the signed medical authorizations sent on multiple occasions, or a power of attorney establishing her guardianship of Adam Hasty. By her own word, Ann Hasty expressly refuses to sit for an examination under oath or to produce her son, Adam Hasty, to sit for an examination under oath.

30. Regardless of the proper prescriptive period or statute of limitations applicable to Defendants for it to preserve its uninsured/underinsured motorist claims against Progressive, Progressive has a right to investigate and a duty to evaluate all claims arising out of the subject accident, which upon information and belief, involved all three Defendants. As such, there is the potential exposure of Progressive's uninsured/underinsured motorist coverage by all three Defendants from this loss. Yet, Defendants have barricaded Progressive's ability to secure pertinent, relevant information and documentation critical to the investigation and, due to the lapse of time, potentially spoliated critical evidence to its defenses, including but not limited to the claimed surgical condition of Adam Hasty.

31. Progressive has no recourse other than to present these matters to this Court for adjudication.

32. At all times, Progressive acted timely and in good faith in evaluating and adjusting Defendants' bodily injury claims.

## **DECLARATORY RELIEF**

33.     Progressive adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

34.     An actual, present, and existing controversy exists among the parties to this lawsuit regarding the rights, duties, and obligations owed by the Defendants to Progressive, and vice versa, under the Progressive Policy and the effect of non-compliance with those duties.

35.     Pursuant to the Declaratory Judgment Act, 28. U.S. C. § 2201, *et seq.,* Progressive seeks a judicial declaration of the rights, duties, and obligations owed by the Defendants to Progressive, and vice versa, under the Progressive Policy and the effect of non-compliance with those duties.  The Court's declaration will confer certainty on the parties and will serve the interests of justice.

36.     Progressive avers that Defendants' actions and inactions have amounted to a material breach of the contract of insurance and, thusly, have resulted in a forfeiture of Defendants' rights to recover under the policy, which has been voided due to Defendants' non-compliance.

37.     In the alternative and in the alternative only, should the Court decide not to void coverage for non-cooperation, Progressive seeks a judgment declaring that Defendants must cooperate with Progressive's investigation of the claims, including, but not limited to, the following:

  a.    production of any and all proofs of loss, including relevant medical and billing records of Defendants, prior to and subsequent to the subject accident;

  b.    execution and return of standard medical authorization forms to allow Progressive to obtain relevant medical and billing records of Defendants to evaluate the bodily injury claims;

  c.    submitting to examination(s) under oath

  d.    submitting to medical examination(s) by doctor(s) identified by Progressive; and

e.  any further lack of cooperation on the part of Defendants will void coverage under the Progressive Policy.

38. Progressive reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

**WHEREFORE,** Plaintiff, Progressive Gulf Insurance Company, respectfully requests that after due proceedings are had that there be judgment in its favor and against the Defendants, Ann H. Hasty and Maxwell D. Hasty, Jr., individually, and on behalf of Adam B. Hasty, declaring the rights, duties, and obligations of the parties under the Progressive Policy, including, but not limited to, a declaration that Defendants' failure to cooperate has resulted in a breach of the insurance policy and a voidance of coverage or, in the alternative, a declaration that Defendants' must cooperate setting forth the specific action with which they must comply, in default of which coverage would be voided, as well as for all other just and equitable relief available.

Respectfully submitted,

BY:   */s/ Sean P. Avocato*
**SEAN P. AVOCATO (36144)**
**ANDREW W. EVERSBERG (26026)**
TAYLOR, PORTER, BROOKS &PHILLIPS, LLP
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Fax: (225) 346-8049
Email:  Sean.Avocato@taylorporter.com
Email:  Drew.Eversberg@taylorporter.com
*Counsel for Progressive Gulf Insurance Company*

**SERVICE INFORMATION:**

Ms. Ann H. Hasty,
individually and on behalf of Adam B. Hasty
4645 Lake Lawford Court
Baton Rouge, LA 70816

Mr. Maxwell D. Hasty, Jr.,
individually and on behalf of Adam B. Hasty
4645 Lake Lawford Court
Baton Rouge, LA 70816